# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| SHAWNYETTA A. RUFFIN, as personal representative of the estate of Jannie A. Chandler, deceased,<br>    Plaintiff,<br><br>  v.<br><br>WALMART, INC. and<br>WAL-MART STORES EAST, LP,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  CAUSE NO.: 1:18-CV-175-TLS- PRC<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court *sua sponte* regarding Defendants' Notice and Petition for Removal [DE 1]. The Court has an ongoing duty to police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

On June 12, 2018, this matter was removed from the Allen County, Indiana, Superior Court to the United States District Court for the Northern District of Indiana, Fort Wayne Division by Defendants Walmart, Inc. and Wal-Mart Stores East, LP. Defendants removed the case pursuant to 28 U.S.C. § 1441, alleging that the District Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship between the plaintiff and both defendants and an amount in controversy that exceeds $75,000. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). As the parties seeking a federal forum, Defendants have the burden of establishing that subject matter jurisdiction exists. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824-25 (7th Cir. 2013) ("The removing defendant has the burden of proving the jurisdictional predicates for removal.").

As for diversity of citizenship, Plaintiff's citizenship is governed by 28 U.S.C. § 1332(c)(2), which provides that "the legal representative of the estate of a decedent shall be deemed to be a

citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2); *see also Gustafson v. zumBrunnen*, 546 F.3d 398, 399 (7th Cir. 2008). An individual is a citizen of the state in which she is *domiciled*, and residence and citizenship are not synonymous for purposes of diversity jurisdiction. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2009). The Complaint alleges that, on May 10, 2018, Shawnyetta A. Ruffin, a resident of Allen County, Indiana, was appointed personal representative to administer the estate of Jannie A. Chandler. (ECF 3, ¶ 3). The Complaint further alleges that Ms. Chandler died on March 15, 2018, but does not allege Ms. Chandler's domicile at the time of her death. Defendants' Notice and Petition of Removal states generally that "Plaintiff is a resident and citizen of Allen County, Indiana." (EFC 1, ¶ 3). However, Defendants do not reference § 1332(c)(2), and, therefore, it is not clear that Defendants are referring to the citizenship of Ms. Chandler at the time of her death, as opposed to the citizenship of Ms. Ruffin personally, which may be, but are not necessarily, the same. In addition, Defendants must identify Ms. Chandler's domicile, not her residence, for purposes of determining her citizenship at the time of her death. Thus, clarification by Defendants of Plaintiff's citizenship under § 1332(c)(2) is required for the Court to confirm its subject matter jurisdiction.

In contrast, in the Notice and Petition for Removal, Defendants sufficiently allege the citizenship of Defendant Wal-Mart Stores East, LP and Defendant Wal-Mart Stores, Inc. as Delaware and Arkansas for both entities. Defendant Wal-Mart Stores East, LP is a Delaware Limited Partnership, of which WSE Management LLC, a Delaware Limited Liability Company, is the general partner, and WSE Investment, LLC, a Delaware Limited Liability Company, is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. The sole member of Wal-Mart Stores East, LLC is Defendant Wal-Mart Stores,

Inc., which is a Delaware corporation with its principal place of business in the State of Arkansas. (ECF 1, ¶ 3).

Finally, Defendants have not met their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. The Notice and Petition of Removal states only: "The amount in controversy in this case exceeds $75,000." (ECF 1, ¶ 5). The Court recognizes that Defendants cannot point to a specific amount alleged by the Plaintiff in the Complaint because Indiana Trial Rule 8(1)(2) bars plaintiffs from designating the amount in controversy in a personal injury suit. When a plaintiff has provided little information about the value of her claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)). Defendants must meet this standard for the Court to confirm its subject matter jurisdiction.

Accordingly, the Court hereby **ORDERS** Defendants to **FILE** with this Court **on or before June 29, 2018**, a supplemental jurisdictional statement clarifying Plaintiff's citizenship under 28 U.S.C. § 1332(c)(2) and demonstrating that the amount in controversy exceeds $75,000.00.

SO ORDERED this 15th day of June, 2018.

        s/ Paul R. Cherry
        MAGISTRATE JUDGE PAUL R. CHERRY
        UNITED STATES DISTRICT COURT